Filed 6/24/24  P. v. Clark CA2/6
Reposted with correct version

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE RAY CLARK,<br><br>    Defendant and Appellant. | 2d Crim. No. B328101<br>(Super. Ct. No. 2006036252)<br>(Ventura County) |

Willie Ray Clark appeals an order denying his petition for recall and resentencing filed pursuant to Penal Code section 1170, subdivision (d)(1)(A), and *People v. Heard* (2022) 83 Cal.App.5th 608, 634 (juvenile offender serving de facto sentence of life without parole may petition for recall and resentencing).[1] We conclude that the trial court did not abuse its discretion by denying the recall and resentencing petition because Clark's sentence of 25 years to life plus six years (31 years to life) is not the functional equivalent of life without parole.  We affirm.

---

[1] All statutory references are to the Penal Code.

*FACTUAL AND PROCEDURAL HISTORY*

On February 22, 1996, then 17-year-old Clark entered a laundromat and concealed himself inside the janitor's room. After the female custodian closed the laundromat for the evening, Clark sexually assaulted her. A security camera filmed a person entering the laundromat and concealing himself inside. DNA laboratory testing years later established that Clark was the donor of the fluids obtained from a medical-legal examination of the victim. At a court trial, Clark testified that he had consensual sexual intercourse with the victim that evening.

On January 14, 2008, the trial court convicted Clark of forcible rape and forcible penetration by a foreign object. (§§ 261, subd. (a)(2), 289.) The court also found that he committed the criminal offenses during commission of a burglary; personally used a dangerous or deadly weapon or a firearm during commission of the offenses; and engaged in tying or binding the victim. (§ 667.61, subd. (e) [special allegations].)

As a one strike offender, the trial court sentenced Clark to 25 years to life for the rape conviction and a consecutive six-year term for the penetration by a foreign object conviction. Clark received 428 days of presentence custody credit. We affirmed the judgment on appeal. (*People v. Clark* (Dec. 3, 2008, B206382) [nonpub. opn.].)

On March 27, 2023, Clark filed a petition for recall and resentencing pursuant to section 1170, subdivision (d)(1)(A), and *People v. Heard, supra*, 83 Cal.App.5th 608, 629 (juvenile offender's sentence of 103-years-to-life imprisonment a de facto sentence of life without parole). Clark asserted that his sentence of 31 years to life as a juvenile offender was the functional equivalent of life without parole. His petition included many

1

attachments reflecting his rehabilitation and self-improvement efforts during imprisonment.

The trial court denied Clark's petition without a hearing or the appointment of counsel. The court ruled: "Nor was [Clark] sentenced to the functional equivalent of life without parole. Indeed, it appears that [Clark] has a tentative consultation with the Board of Parole Hearings on April 23, 2023." The court's ruling acknowledged section 1170, subdivision (d)(1)(A), and *People v. Heard*, *supra*, 83 Cal.App.5th 608.

Clark appeals and argues that the trial court abused its discretion by summarily denying his recall and resentencing petition. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 868-869 [petition to recall and resentence reviewed for an abuse of discretion], superseded by statute as stated in *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041.)

*DISCUSSION*

Clark asserts that the record reflects that his sentence is the functional equivalent of life without parole. He requests that we remand the matter for reevaluation of his petition.

Section 1170, subdivision (d)(1)(A) allows a juvenile offender who has served at least 15 years of a sentence of life without parole to petition for recall of the sentence and resentencing to a term that includes an opportunity for parole. *People v. Heard*, *supra*, 83 Cal.App.5th 608, 629, expanded the reach of section 1170, subdivision (d)(1)(A) to juvenile offenders serving de facto sentences of life without parole.

Clark's sentence of 31 years to life is far less than the 103 years' sentence imposed in *Heard*. It is also less than the 110-years-to-life term imposed in *People v. Caballero* (2012) 55

2

Cal.4th 262, 269, and the 50-years-to-life term imposed in *People v. Contreras* (2018) 4 Cal.5th 349, 369.

Clark will be 50 years old in September 2028 and by then will have served nearly 22 years of his sentence (including presentence custody credit). He will be eligible for the Elderly Parole Program in September 2028. (§ 3055, subd. (a) ["The Elderly Parole Program is hereby established, to be administered by the Board of Parole Hearings, for purposes of reviewing the parole suitability of any inmate who is 50 years of age or older and has served a minimum of 20 years of continuous incarceration on the inmate's current sentence, serving either a determinate or indeterminate sentence"].) Clark's first parole consideration hearing is also tentatively scheduled for October 2028.

The Elderly Parole Program aside, Clark's eligibility date for parole at the time his 31-years-to-life sentence was imposed is December 2037. Clark will then be 59 years old. This sentence is not a de facto life without parole sentence. (*People v. Franklin* (2016) 63 Cal.4th 261, 279 [youth offender parole hearing during 25th year of incarceration not functional equivalent of life without parole sentence].) Clark's sentence affords him an opportunity to reintegrate into society and realize his potential to participate as a productive member of society. (*People v. Contreras*, *supra*, 4 Cal.5th 349, 368 [50-years-to-life sentence for juvenile nonhomicide conviction violates Eighth Amendment].)

Clark complains that the trial court did not exercise its discretion with an informed understanding of the issues presented in *Heard*. The court's written ruling, however, referred to *Heard* and section 1170, subdivision (d)(1). *Heard* extensively discussed equal protection and cruel and unusual punishment

3

decisions and relevant statutes. (*People v. Heard, supra*, 83 Cal.App.5th 608, 639-644.) The court properly performed its duties absent a showing of error. (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461, fn. 5.) On a silent record, we do not assume the court misunderstood the scope of its discretion. (*People v. Frazier*, *supra*, 55 Cal.App.5th 858, 868-869.)

*DISPOSITION*

The order denying the recall and resentencing petition is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

4

Ryan J. Wright, Judge

Superior Court County of Ventura

———————————————

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Xiomara Costello and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.